**Name** RADNI GHAFOORI

**Street Address** 1560 Geer Rd, Ste. A

**City and County** Turlock, Stanislaus

**State and Zip Code** CA, 95380

**Telephone Number** 209-277-6968

**FILED**

**OCT 08 2024**

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

RADNI GHAFOORI

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

Deputy Leland Pettus
Lieutenant Kiely Brandon
Deputy George Crowley,
Judge Linda A. McFadden

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

**Complaint for Violation of Civil Rights**

**(Non-Prisoner Complaint)**

Case No. 2 2 4 CV 0 1 2 1 1 - SKO

*(to be filled in by the Clerk's Office)*

Jury Trial:    ☐ Yes    ☐ No
            *(check one)*

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis*.

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | _____ |
| Street Address | _____ |
| City and County | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |
| E-mail Address | _____ |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | _____ |
| Job or Title (if known) | _____ |

2

Street Address _____

City and County _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____
(if known)

☐ Individual capacity          ☐ Official capacity

**Defendant No. 2**

Name _____

Job or Title _____
(if known)

Street Address _____

City and County _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____
(if known)

☐ Individual capacity          ☐ Official capacity

**Defendant No. 3**

Name _____

Job or Title _____
(if known)

Street Address _____

City and County _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____
(if known)

☐ Individual capacity          ☐ Official capacity

**Defendant No. 4**

Name _____

Job or Title _____

**(if known)**

Street Address      _____

City and County      _____

State and Zip Code      _____

Telephone Number      _____

E-mail Address      _____
(if known)

☐    Individual capacity        ☐    Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☐    Federal officials (a *Bivens* claim)

    ☐    State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

_____

_____

_____

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

_____

_____

_____

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

_____

_____

_____

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

_____

_____

_____

B. What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

_____
_____
_____
_____
_____
_____
_____
_____

## V.    Relief

State briefly what you want the court to do for you.   Make no legal arguments. Do not cite any cases or statutes.  If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

_____
_____
_____
_____
_____
_____
_____
_____

6

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10-08, 20 24

Signature of Plaintiff _____

Printed Name of Plaintiff RADNT GHAFOORI

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (Non-PRISONER COMPLAINT)

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA**

**Plaintiff Information**:
**Name**: Radni Ghafoori
**Street Address**: 1560 Geer Rd, Turlock, Stanislaus County, CA 95380
**Phone No**: (209) 277-6968
**E-mail Address**: radnighafoori52691@gmail.com

## I. The Parties to This Complaint

### A. The Plaintiff(s):
Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

**Plaintiff No. 1**
**Name**: Radni Ghafoori
**Address**: 1560 Geer Rd, Ste A, Turlock, Stanislaus County, CA 95380
**Phone No**: (209) 277-6968
**E-mail Address**: radnighafoori52691@gmail.com

### B. The Defendant(s):
Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.

**Defendant No. 1**
**Name**: Deputy Leland Pettus
**Job or Title**: Bailiff in Department 3 of the Stanislaus County Superior Court
**Street Address**: 250 E Hackett Rd, Modesto, Stanislaus County, CA 95358
**Phone No**: (209) 525-7117
✓ Individual capacity
✓ Official Capacity

**Defendant No. 2**
**Name**: Lieutenant Kiely Brandon
**Job or Title**: Lieutenant with the Stanislaus County Sheriff's Department
**Street Address**: 250 E Hackett Rd, Modesto, Stanislaus County, CA 95358
**Phone No**: (209) 525-7117
✓ Individual capacity
✓ Official Capacity

1

**Defendant No. 3**
**Name**: Deputy George Crowley
**Job or Title**: Stanislaus County Deputy Sheriff
**Street Address**: 250 E Hackett Rd, Modesto, Stanislaus County, CA 95358
**Phone No**: (209) 525-7117
✓ Individual capacity
✓ Official Capacity

**Defendant No. 4**
**Name**: Judge Linda A. McFadden
**Job or Title**: Judge at Stanislaus County Superior Court
**Street Address**: 800 11th Street, Modesto, Stanislaus County, CA 95354
**Phone No**: (209) 530-3100
✓ Individual capacity
✓ Official Capacity


## II. Basis for Jurisdiction

**A**. Are you bringing suit against (check all that applies):
✓ State or local officials (a § 1983 claim)

**B**. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and federal laws." If you are suing under section 1983, what federal constitutional or statutory rights) do you claim is/are being violated by state or local officials?
**Answer**: The Defendants, acting under color of state law, deprived me of rights, privileges, and immunities secured by the Constitution and federal law, in violation of 42 U.S.C. § 1983. Specifically, the following federal constitutional rights were violated:

• **First Amendment**: The Defendants infringed upon my right to document and record public officials in the performance of their duties, as protected by the First Amendment. Additionally, by retaliating against me for exercising this right, including my attempt to hold them accountable for discriminatory enforcement of the rules, the Defendants violated my right to petition the government for redress of grievances without fear of retaliation.

• **Fourth Amendment**: The right to be free from unreasonable searches and seizures was infringed upon by the Defendants through the unlawful detention and use of excessive force without probable cause. The seizure of my person was objectively unreasonable and disproportionate, constituting a violation of my right to be secure in my person.

• **Fourteenth Amendment – Due Process Clause**: The Defendants' actions denied me substantive and procedural due process under the Fourteenth Amendment. Substantively, I was subjected to arbitrary and capricious treatment by state officials, including malicious prosecution over a prolonged period of time. Procedurally, I was denied the opportunity to contest these actions in a fair and just manner, and I was subjected to selective enforcement of non-existent or unevenly applied policies,

2

further violating my rights to due process and equal protection under the law.

**D.** Section 1983 Allows defendants to be found liable only when they have aced "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under Givens, explain how each defendant acted under color of federal law.

**Answer**: Under **42 U.S.C. § 1983**, the defendants in this case are liable because their actions were taken "under color of state law." Each defendant, acting within the scope of their official duties as state or local officials, violated the Plaintiff's federally protected rights under the Fourth, Fourteenth, and First Amendments. The specific actions of each defendant, while acting under color of state law, are as follows:

**1. Deputy Leland Pettus**: Deputy Leland Pettus, acting in his official capacity as a bailiff for the Stanislaus County Superior Court, used his authority to selectively enforce non-existent mask mandates and unlawfully detain and arrest the Plaintiff without probable cause. As an agent of the Stanislaus County Sheriff's Department, Deputy Pettus was responsible for maintaining security and order in the courtroom. However, in the exercise of these duties, he acted under color of state law to violate the Plaintiff's Fourth Amendment rights by using excessive force and conducting an unreasonable seizure of the Plaintiff's person. Additionally, Deputy Pettus acted under the guise of enforcing court rules but did so in a manner that was arbitrary, discriminatory, and without legal basis, thereby violating the Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment.

**2. Deputy George Crowley:** Deputy George Crowley, acting in his official capacity as a Stanislaus County Deputy Sheriff, assisted in the unlawful detention and arrest of the Plaintiff, despite acknowledging the absence of any legally binding mask mandate or court order. By failing to intervene and prevent the violation of the Plaintiff's constitutional rights, Deputy Crowley acted under color of state law and contributed to the deprivation of the Plaintiff's Fourth Amendment right to be free from unreasonable seizures and excessive force. Deputy Crowley's participation in the incident, while acting within the scope of his employment as a deputy sheriff, directly contributed to the constitutional violations experienced by the Plaintiff.

**3. Lieutenant Kiely Brandon**: Lieutenant Kiely Brandon, as a supervising officer with the Stanislaus County Sheriff's Department, was responsible for overseeing the actions of his subordinates, including Deputies Pettus and Crowley. Acting under color of state law, Lieutenant Brandon failed to prevent or rectify the unconstitutional actions of his deputies, despite his supervisory authority. As a result, Lieutenant Brandon's failure to intervene constituted tacit approval of the excessive force and wrongful arrest, thereby making him liable under **42 U.S.C. § 1983** for the violation of the Plaintiff's constitutional rights. His inaction further exacerbated the harm caused to the Plaintiff and contributed to the unlawful deprivation of the Plaintiff's liberty.

**4. Judge Linda A. McFadden**: Judge Linda A. McFadden, while acting in her official capacity as a judge in the Stanislaus County Superior Court, authorized the arrest of the Plaintiff without conducting

3

an independent inquiry into the facts or verifying the legality of the actions taken by the deputies. By acting under color of state law to authorize an unlawful arrest, Judge McFadden violated the Plaintiff's procedural due process rights under the Fourteenth Amendment. Her failure to ensure that proper legal procedures were followed before depriving the Plaintiff of his liberty amounts to a violation of the Plaintiff's federally protected rights.

III. Statement of Claim
State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claim. Do not cite any cases or statutes.

A. Where did the events giving rise to your claim(s) occur?
Answer: The events giving rise to this claim occurred at the Stanislaus County Superior Court, Department 3, located at 800 11th Street, Modesto, California, 95354. These events took place within the public courtroom and surrounding areas, including the courthouse hallway, and involved actions by court officials and law enforcement officers acting under color of state law, which led to the violations of my constitutionally protected rights under the Fourth, Fourteenth, and First Amendments.

B. What date and approximate time did the events giving rise to your claim(s) occur?
Answer: The initial events began on August 26, 2020, between approximately 9:00 AM and 9:30 AM, which included the unlawful arrest, excessive force, and violation of my constitutional rights. However, the injuries and emotional trauma resulting from these actions, particularly the malicious prosecution, ongoing legal harassment, and the court's eventual dismissal of my case in February 2024, have continued and worsened over time.

The emotional distress and psychological harm stemming from these events have escalated within the past two years, especially as the case remained active until early 2024. The violation of my constitutional rights, including the denial of due process and malicious prosecution, continued to cause injury within the statutory period. Therefore, the accrual of damages and injuries falls within the permissible timeframe under the applicable statute of limitations.

C. What are the facts underlying your claim(s)?
Answer: The facts that give rise to my claims under 42 U.S.C. § 1983 involve multiple violations of my federal constitutional rights by officers of the Stanislaus County Sheriff's Department and a sitting judge of the Stanislaus County Superior Court. Specifically, the underlying facts include violations of my Fourth Amendment rights against unreasonable searches and seizures, my Fourteenth Amendment rights to equal protection and due process, and my First Amendment rights related to the ability to record government officials and petition for redress of grievances.

1. Initial Courtroom Encounter:
Selective Enforcement of Non-existent Mask Mandate:
On August 26, 2020, I entered Department 3 of the Stanislaus County Superior Court to attend a scheduled legal proceeding. Upon entry, I observed several court staff, including the courtroom clerk, failing to wear masks properly or at all. Despite this, I was singled out by Deputy Leland Pettus, who ordered me to wear a mask. At the time, there was no visible sign or written notice indicating that masks were mandatory inside the courtroom, nor was there any judicial or state order requiring such compliance, as I understood it. Additionally, upon further investigation and discovery, no such order

4

or mandate has ever been produced in court or during the discovery phase of my case.

I explained to Deputy Pettus that I had a medical condition that caused difficulty in breathing when wearing a mask for extended periods, and I only momentarily lowered my mask to breathe more easily. Instead of addressing the other individuals who were also not following any alleged mask requirement, Deputy Pettus continued to target me and enforced a selective and arbitrary standard, which constituted discriminatory behavior and a violation of my Fourteenth Amendment rights to equal protection. The selective enforcement of the alleged mask rule without clear basis or uniform application was arbitrary and capricious.

**2. Unlawful Detention and Excessive Force:**
After leaving the courtroom as instructed, I re-entered after briefly obtaining a mask to comply with Deputy Pettus's request. However, upon returning, I noticed that other individuals, including the courtroom clerk, were still not wearing their masks correctly. I again adjusted my mask briefly due to my medical condition. Deputy Pettus confronted me again, insisting that I leave the courtroom, despite my attempt to point out the unequal treatment and explain my medical condition.

While leaving the courtroom, I took a photograph of the courtroom clerk for accountability purposes, documenting the unequal enforcement of the alleged mask policy. In response, Deputy Pettus suddenly and without warning physically assaulted me by tackling me against the wall, seizing my phone, and placing me under arrest without probable cause. This use of physical force was unreasonable under the circumstances and violated my Fourth Amendment right to be free from unreasonable searches and seizures, as articulated in Graham v. Connor, 490 U.S. 386 (1989), where the U.S. Supreme Court ruled that the use of force must be objectively reasonable given the circumstances. I posed no threat to Deputy Pettus or anyone else in the courtroom, and my actions were peaceful and non-aggressive.

**3. Continued Detention and Failure to Intervene:**
Following the assault and unlawful detention, Deputy George Crowley, identified in subsequent reports as "John," arrived and assisted Deputy Pettus in continuing the detention, despite acknowledging that no official mask mandate was in place. Deputy Crowley failed to intervene and prevent the ongoing violation of my constitutional rights, even though he had a clear opportunity to do so. His failure to intervene, despite his knowledge that no legal basis existed for the arrest, makes him complicit in the violation of my Fourth Amendment rights and constitutes a breach of his duty under Brigham City v. Stuart, 547 U.S. 398 (2006), which establishes the duty of officers to act reasonably and intervene when they witness a constitutional violation.

**4. Judicial Misconduct and Denial of Due Process:**
Judge Linda A. McFadden, presiding in Department 3 of the Stanislaus County Superior Court, failed to conduct any inquiry into the facts surrounding my arrest, despite my visible compliance with Deputy Pettus's instructions and the lack of a court order or mandate requiring mask enforcement. Judge McFadden authorized my arrest based solely on the statements of Deputy Pettus, without allowing me an opportunity to present my side of the story or consider the absence of any formal mandate. This denial of my right to procedural due process violated the Fourteenth Amendment, as established by Mathews v. Eldridge, 424 U.S. 319 (1976), which guarantees individuals a meaningful opportunity to be heard before they are deprived of liberty or property.

Additionally, during a subsequent hearing, when the district attorney began explaining that my

5

presence in court was related to not wearing a mask, Judge McFadden swiftly cut her off, shifting the narrative to focus on an unrelated contempt charge. This action demonstrates a willful attempt to obscure the true nature of the case and deflect attention away from the arbitrary and selective enforcement of the alleged mask rule.

**5. Prolonged Malicious Prosecution:**
Over the course of nearly four years, I was subjected to a malicious prosecution in which the district attorney's office continually pressured me to accept a plea deal, despite knowing there was insufficient evidence to support the charges. Throughout this time, I made repeated requests for a jury trial, seeking the opportunity to present my evidence and exonerate myself. However, the district attorney's office dragged out the case without cause, violating my substantive due process rights under the Fourteenth Amendment, as outlined in Albright v. Oliver, 510 U.S. 266 (1994).
The intentional delay and prolongation of the case, followed by a quiet dismissal "in the interest of justice," left me without the opportunity to fully clear my name.

**6. Ongoing Emotional and Psychological Harm:**
The emotional trauma I have endured as a result of these events has been profound and long-lasting. As I mentioned earlier, the childhood trauma I experienced while fleeing persecution in Iran has resurfaced as a result of this incident, triggering feelings of helplessness, fear, and anger. The malicious prosecution, denial of due process and the manner in which the case was dismissed without allowing me to present my evidence has only intensified these emotions. Over the last two years, my mental health has deteriorated significantly, as I have struggled with anxiety, sleeplessness, and an inability to function in my daily life. The malicious actions of the defendants have caused irreparable harm to my emotional well-being, and these injuries continue to worsen.

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

**Answer:** As a result of the events described, I have endured both physical and emotional injuries that have significantly impacted my life. Initially, the physical pain from the incident included injuries to my neck and shoulders following the excessive force used during my arrest. However, these physical injuries pale in comparison to the profound emotional distress and psychological trauma I have experienced over the past four years.

From the moment of my arrest, I began to experience a range of emotional and psychological symptoms, including sleepless nights, anxiety, and recurring panic attacks. As someone who grew up in Iran, my childhood was marked by traumatic events, including fleeing religious persecution and experiencing fear for my safety and my family's survival. These early experiences left me with emotional scars that were retraumatized by the actions of the Stanislaus County Sheriff's Department and the court system. The excessive force, selective enforcement, and prolonged malicious prosecution that I have been subjected to have triggered deep-rooted fears and trauma, causing me to relive those past experiences.

In the years following the incident, my emotional suffering has only intensified. While I initially held out hope that the legal process would resolve fairly and justly, the continuous delays and the disregard for my due process rights have compounded my distress. I accepted a plea agreement in good faith, believing that it would lead to a resolution. However, the subsequent failure to enforce any probationary terms and the eventual quiet dismissal of my case without any opportunity to present my

6

evidence or have my day in court has left me feeling powerless and betrayed by the justice system.

Over the past two years, particularly since 2022, my emotional injuries have worsened to the point where I struggle with basic daily functions. I have experienced overwhelming feelings of inadequacy, depression, and a complete inability to perform even the simplest tasks such as making my bed, maintaining my home, or attending to personal hygiene. I have also been unable to perform normal activities of daily living, including grocery shopping, preparing meals, or engaging in relationships with loved ones. My relationship with my girlfriend has suffered greatly, as she witnesses my constant emotional turmoil, frustration, and inability to cope with the aftermath of these events.

Despite my efforts to move on, I remain stuck in a continuous cycle of reliving the trauma. Every day feels like a repetition of the day of my arrest, akin to a "Groundhog Day" scenario, where I am trapped in a never-ending loop of fear, anger, and anxiety. These feelings have intensified since the dismissal of my case, which I had hoped would provide closure. Instead, the abrupt and silent dismissal in the "interest of justice" without a proper trial or hearing has exacerbated my emotional suffering, making-it nearly impossible for me to recover.

Importantly, while my physical injuries occurred on the date of my arrest, the psychological and emotional trauma has only worsened in the past two years, and these injuries remain ongoing. The culmination of four years of emotional distress, culminating in the final dismissal of my case, has placed me in a state of heightened anxiety and emotional instability within the statute of limitations. These ongoing injuries, which have escalated since 2022, fall well within the two-year statute of limitations for filing this claim, as outlined in 28 U.S.C. § 1658.

I seek relief from the court not only for the physical injuries sustained but also for the ongoing emotional distress that has profoundly affected my life, relationships, and overall well-being. I believe that the severity of my psychological injuries and their continuous nature over the past two years

## B. Relief

State briefly what you wand the court to do for you. Make no legal arguments. Do not scite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Answer: Plaintiff seeks $150,000 in compensatory damages and $75,000 in punitive damages for the following reasons:

**Compensatory Damages ($150,000):**

**1. Physical Injuries:**
• The excessive force used by Deputy Pettus during my arrest resulted in immediate and lasting physical injuries to my neck and shoulders. These injuries caused significant pain and discomfort for several weeks following the incident, limiting my ability to perform basic tasks and requiring me to take time off from work. Though the physical injuries have somewhat healed, the pain from this incident triggered further emotional and psychological distress, which has persisted for years.
• The physical pain was exacerbated by pre-existing conditions related to a prior car accident, where I had sustained neck injuries. The excessive force during the arrest aggravated these injuries, causing flare-ups of pain and discomfort, further contributing to my inability to function as I once did.

7

**2. Emotional and Psychological Trauma:**
• The emotional distress I have suffered as a result of the incident and the ensuing four years of malicious prosecution has been overwhelming. The feelings of helplessness, fear, anxiety, and betrayal by the justice system have profoundly affected my life.
• My childhood experiences of fleeing Iran as a Christian minority and the trauma I faced during that time have resurfaced because of this incident. The actions of law enforcement officers and the court have triggered a deep-seated fear of authority and trauma that I believed I had left behind when my family fled to the United States. Reliving these traumatic experiences has had a lasting impact on my mental health.
• For the past four years, I have endured sleepless nights, panic attacks, and an overwhelming sense of paranoia. I fear interactions with law enforcement and feel constantly on edge, worried that I may be wrongfully accused or harmed again. This level of sustained fear and emotional instability has severely impacted my day-to-day life.
• My ability to maintain relationships, particularly with my girlfriend, has deteriorated significantly. The stress from reliving the trauma has made it difficult for me to engage in normal emotional interactions. I feel emotionally distant and unable to participate in activities that once brought me joy. This has put a strain on my personal life and affected my mental health even further.
• The financial toll caused by my inability to work or engage fully in life due to emotional distress has been immense. I have lost potential income, missed workdays, and incurred various expenses-related to maintaining my emotional and psychological well-being.

**3. Impact on Daily Life and Functionality:**
• Since the incident, I have been unable to perform basic daily functions. Simple tasks such as maintaining my home, grocery shopping, or attending to personal hygiene have become overwhelming and nearly impossible to accomplish. The constant feeling of inadequacy, coupled with recurring panic attacks and emotional breakdowns, has rendered me incapable of leading a normal life.
• I have experienced a marked decline in my overall health. The stress and anxiety have resulted in physical manifestations such as weight loss, lack of appetite, and inability to sleep. I am constantly fatigued, both mentally and physically, and this has significantly reduced my quality of life.

**Punitive Damages ($75,000):**

**1. Malicious Prosecution and Emotional Distress:**
• For nearly four years, the Stanislaus County Sheriff's Department and the District Attorney's Office subjected me to a malicious prosecution that was wholly unnecessary and unjustified. This prolonged ordeal has caused severe emotional distress, anxiety, and mental suffering. The emotional trauma that I experienced intensified during the pre-trial phase, when it became clear that the district attorney had no intention of bringing my case to trial, despite my continuous requests to do so in order to exonerate myself.
• The dismissal of the case in the "interest of justice" after four years of emotional torment was both anticlimactic and damaging. It left me with a deep sense of injustice, as the system that I trusted failed to address the wrongs committed against me. By dismissing the case quietly without allowing me to present my evidence in front of a jury, the court exacerbated the feelings of powerlessness and injustice that I have experienced since the day of my arrest.

**2. Punitive Measures against Defendants' Misconduct:**
• The punitive damages are being sought to hold the defendants accountable for their egregious and unconstitutional actions. The excessive force used by Deputy Pettus, the failure to intervene by Deputies Crowley and Brandon, and the violation of my due process rights by Judge McFadden were

8

all actions that significantly damaged my well-being. These individuals acted in reckless disregard of my constitutional rights, and punitive damages are necessary to deter such conduct in the future.
• The court's refusal to allow the case to proceed to trial, despite my right to do so, further underscores the necessity for punitive damages. The actions taken against me were not merely negligent; they were intentional, discriminatory, and malicious. The defendants abused their positions of power, selectively enforcing non-existent rules and violating my rights without cause.

**3. Deterrence and Justice:**
• Punitive damages are also necessary as a deterrent to prevent similar conduct by law enforcement officers and the court in the future. The gross abuse of authority and the selective enforcement of mask policies, followed by an unnecessary arrest and malicious prosecution, should not be allowed to go unchecked. Awarding punitive damages in this case would send a strong message that such violations of civil rights will not be tolerated and that those in positions of authority must act within the confines of the law.

In summary, the requested compensatory damages of $150,000 reflect the extensive emotional, psychological, and physical suffering I have endured as a result of this incident. The requested punitive damages of $75,000 are sought to hold the defendants accountable for their reckless and unlawful conduct, as well as to deter future violations of constitutional rights.

## VI. Certification and Closing

I declare under penalty of perjury that the foregoing is true and correct.

Date of Signing: _10-08-2024_

Signature of Plaintiff: _____

Printed Name of Plaintiff: _RADNI GHAFOORI_

9