1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RADNI GHAFOORI,                          No.  2:24-cv-2930 DC AC PS

12                  Plaintiff,

13        v.                                   ORDER

14   DEPUTY LELAND PETTUS,
     LIEUTENANT KIELY BRANDON,
15   DEPUTY GEORGE CROWLEY, JUDGE
     LINDA A. McFADDEN,
16
                     Defendants.
17

18          Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the

19   undersigned by E.D. Cal. 302(c)(21).  This case was initially filed in the Fresno Division of the

20   Eastern District of California, and plaintiff was granted leave to proceed in forma pauperis

21   ("IFP") pursuant to 28 U.S.C. § 1915(a)(1) prior to the case being transferred to the Sacramento

22   Division.  ECF Nos. 3, 4.  The case is now before the undersigned for the screening process

23   associated with IFP status, discussed below.  Additionally, plaintiff has moved to supplement his

24   complaint.  ECF No. 10.  Because the undersigned will provide plaintiff with an opportunity to

25   file an amended complaint, that motion is GRANTED, and plaintiff may incorporate any

26   additional information into the required amended complaint.

27   ////

28   ////

                                                  1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.  SCREENING

A.    Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a

less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. <u>See Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in <u>Lopez v. Smith</u>, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B.    <u>The Complaint</u>

Plaintiff's complaint alleges violations of his First, Fourth, and Fourteenth Amendment rights under 42 U.S.C. §1983 stemming from an incident occurring on August 26, 2020. On that date, plaintiff appeared in Stanislaus County Superior Court to attend a legal proceeding and was required to wear a mask despite the lack of a written mask requirement in the courtroom. ECF No. 1 at 11. Plaintiff alleges that on August 26, 2020, he was singled out in a courthouse by Deputy Leland Pettus, who ordered him to wear a mask. <u>Id.</u> at 11. Plaintiff explained to Pettus that he had a medical condition that made wearing a mask for extended periods difficult. <u>Id.</u> at 12. After leaving the courtroom as instructed to obtain a mask, plaintiff returned and noticed other individuals, including the court clerk, were not wearing their masks correctly. <u>Id.</u> Plaintiff adjusted his mask due to his medical condition and Deputy Pettus confronted him, ordering him to leave the courtroom. <u>Id.</u> While leaving, plaintiff took a photograph of the court clerk to document the unequal enforcement of the alleged mask policy, and Deputy Pettus suddenly physically assaulted plaintiff by tackling him against the wall, taking his phone, and placing him

1    under arrest.  Id.  Following the arrest, Deputy George Crowley arrived and assisted Pettus in

2    continuing the detention despite acknowledging that there was no mask mandate in place.  Id.

3        Plaintiff alleges that Judge McFadden failed to conduct a proper inquiry into plaintiff's

4    arrest and authorized his arrest solely on the statements of Pettus.  Id.  Further, at a subsequent

5    hearing, Judge McFadden declined to listen to information about the mask incident and shifted

6    the narrative in court to focus on an unrelated contempt charge.  Id. at 13.  Plaintiff contends he

7    was subject to a prolonged malicious prosecution for nearly four years before the case was

8    dismissed "in the interest of justice" in violation of his due process rights.  Id.

9        Plaintiff alleges that his First Amendment right to document and record public officials in

10    the performance of their duties was violated, as well as his right to be free of retaliation for the

11    exercise of this right.  ECF No. 1 at 9.  Plaintiff alleges his Fourth Amendment rights to be free

12    from unreasonable searches and seizures, to be free from unlawful detention, and to be free from

13    excessive use of force was violated.  Id.  Finally, plaintiff alleges his Fourteenth Amendment

14    rights to substantive and procedural due process were violated and that he was subject to

15    malicious prosecution.  Id.

16        C.    Discussion

17        Plaintiff's first amended complaint cannot be served at this time because it names a

18    defendant immune from suit, because it appears that many of his causes of action are barred by

19    the statute of limitations, and because he fails to state a claim upon which relief can be granted.

20        First, plaintiff cannot pursue a lawsuit against defendant Judge McFadden, a state court

21    judge who, according to the allegations in the complaint, was plainly acting in her judicial

22    capacity at all relevant times.  "Like other forms of official immunity, judicial immunity is an

23    immunity from suit, not just from ultimate assessment of damages."  Mireles v. Waco, 502 U.S.

24    9, 11 (1991).  Judicial immunity is overcome only when a judge's actions are either (1)

25    nonjudicial in nature, i.e., not taken in the judge's judicial capacity, Forrester v. White, 484 U.S.

26    219, 227–29 (1988), or (2) taken in the complete absence of all jurisdiction, Stump v. Sparkman,

27    435 U.S. 349, 356–57 (1991).  Plaintiff does not make any allegations which would take the

28    challenged actions of defendant McFadden outside the scope of absolute judicial immunity.  To

4

the contrary, the allegations against her all involve actions taken while adjudicating matters related to plaintiff's lawsuit and managing her courtroom while in session. Accordingly, plaintiff cannot proceed with a claim against Judge McFadden.

Another problem preventing service is that it appears on the face of the complaint that this case was filed beyond the statute of limitations. Plaintiff's constitutional claims are potentially cognizable under 42 U.S.C. § 1983, a statute that allows individuals to sue state and local government actors for violations of constitutional rights. A "statute of limitations" is a legal rule that sets a time limit for bringing a lawsuit. "[E]quitable tolling is a doctrine that pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently, but some extraordinary circumstance prevents him from bringing a timely action." Bent v. Garland, 115 F.4th 934, 941 (9th Cir. 2024) (cleaned up). Failure to comply with the applicable statute of limitations may be grounds for dismissal at the screening phase if it is evident from the face of the complaint that the plaintiff cannot "prevail, as a matter of law, on the equitable tolling issue." Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 1993).

Section 1983 does not have its own statute of limitations, so the court applies California's statute of limitations for personal injury actions. See Butler v. Nat'l Cmty. Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014) ("Without a federal limitations period, the federal courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."). California's statute of limitations for personal injury actions requires that a claim be asserted within two years of its accrual. Butler, 766 F.3d at 1198 (citing Cal. Code Civ. Proc. § 335.1). The court applies "the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citing Cal. Code Civ. Proc. § 335.1).

Here, plaintiff alleges that his First Amendment right to document and record public officials in the performance of their duties was violated, as well as his right to be free of retaliation for the exercise of this right, when he was prevented from taking photographs in a courtroom on August 26, 2020. ECF No. 1 at 9, 12. Plaintiff alleges that his Fourth Amendment

rights to be free from unreasonable searches and seizures, to be free from unlawful detention, and to be free from excessive use of force was violated when Deputy Pettus and Deputy Crowley tackled him in the courtroom, took his phone, and detained him on August 26, 2020. Id. Any causes of action arising from these incidents plainly accrued more than four years before plaintiff filed this case and are likely time barred.  Plaintiff has not provided any information that would indicate the statue of limitations should be tolled, or that these causes of action accrued at a date other than August 26, 2020.  Accordingly, it does not appear that these causes of action can move forward.

Finally, plaintiff's malicious prosecution and due process claims do not state a claim against any named defendant.  In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995). "Malicious prosecution actions are not limited to suits against prosecutors but may be brought, as here, against other persons who have wrongfully caused the charges to be filed." Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004).  Although the complaint indicates that plaintiff was subject to prosecution by the district attorney's office and the charges were ultimately dismissed, plaintiff does not name any deputy district attorney as a defendant, and it is unclear how any of the named defendants were involved in wrongfully causing charges to be filed. Further, plaintiff only references violation of his due process rights with respect to the allegedly malicious prosecution.  Because there is no apparent connection between these claims and any named defendant, plaintiff does not state a claim upon which relief can be granted.

## II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must not include claims against the immune defendant.  The amended complaint should not include claims in which the statue of limitations has expired unless it also contains an explanation of why the statute of limitations does not bar the claims.  Finally, the amended complaint should make a clear connection between each legal cause of action and the defendant(s) it is alleged against.

In addition, an amended complaint must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading or a separate motion to make plaintiff's amended complaint complete. Any amended complaint must be complete without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an

1  original complaint, each claim and the involvement of each defendant must be sufficiently

2  alleged.

3                    III.  PRO SE PLAINTIFF'S SUMMARY

4        It is not clear that this case can proceed in federal court.  Unless you can tell the court why

5  the statute of limitations does not apply or has been tolled, you cannot file claims under §1983 for

6  constitutional violations that occurred four years ago.  Apart from timeliness, you cannot sue a

7  judge for decisions she made as a judge.  You may be able to state a malicious prosecution claim

8  or a due process claim, but you need to tell the court which defendant was involved in the

9  violations of your rights, and how your rights were violated by that defendant.  You are being

10  given 30 days to submit an amended complaint that provides facts and legal causes of action.

11  Your amended complaint needs to explain in simple terms what laws or legal rights of yours were

12  violated, by whom and how, and how those violations impacted you.  The court cannot look to

13  your old complaints or motions – all of the necessary information must be in the amended

14  complaint.  If you do not submit a second amended complaint by the deadline, the undersigned

15  will recommend that the case be dismissed.

16                            IV.  CONCLUSION

17        Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to supplement his

18  complaint (ECF No. 10) is GRANTED to the extent that plaintiff shall have 30 days from the date

19  of this order to file a second amended complaint which complies with the instructions given

20  above.  If plaintiff fails to timely comply with this order, the undersigned may recommend that

21  this action be dismissed.

22  DATED: May 1, 2025

23

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28