

FILED

MAY 29 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RADNI GHAFOORI,**<br>Plaintiff, Pro Se,<br><br>Plaintiff,<br><br>v.<br><br>**DEPUTY LELAND PETTUS,**<br>Individually Capacity & Official Capacity;<br>**LIEUTENANT KIELY BRANDON,**<br>Individually Capacity & Official Capacity;<br>**DEPUTY GEORGE CROWLEY,**<br>Individually Capacity & Official Capacity;<br>**SHERIFF JEFF DENNETT,** Individually Capacity & Official Capacity;<br>**STANISLAUS COUNTY;**<br>**STANISLAUS COUNTY SHERIFF'S DEPARTMENT,**<br><br>Defendant. | Case No. **2:24-CV-02930-DC-AC**<br><br>**CORRECTION TO SECOND AMENDED COMPLAINT FOR DAMAGES [42 U.S.C. § 1983 — CIVIL RIGHTS VIOLATIONS] [CALIFORNIA CIVIL CODE § 52.1 — BANE ACT VIOLATION]** |

## I. INTRODUCTION

1. This is a civil rights action brought under 42 U.S.C. § 1983 and the California Tom Bane Civil Rights Act (Cal. Civ. Code § 52.1) seeking redress for violations of Plaintiff Radni Ghafoori's constitutional and state law rights committed by Defendants under

1

color of state law. On or about August 26, 2020, at the Stanislaus County Superior Court, Plaintiff was subjected to unlawful detention, arrest without probable cause, retaliatory enforcement of a non-existent mask mandate, and excessive force. These violations were compounded by a malicious prosecution initiated and maintained by Defendants, culminating in the dismissal of the charges on February 9, 2024. The actions of Defendants have caused Plaintiff significant physical, emotional, and financial harm.

**II. JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiff brings claims arising under the Constitution and laws of the United States, specifically the Fourth, First, and Fourteenth Amendments as enforced by 42 U.S.C. § 1983, and supplemental jurisdiction over the related state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2), as the events giving rise to these claims occurred in Stanislaus County, California, which is located within the Eastern District of California.

4. Plaintiff's claims are timely under the applicable statute of limitations for civil rights actions in California, which is the state's statute of limitations for personal injury actions, currently two years. See Butler v. Nat'l Cmty. Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014) (citing Cal. Code Civ. Proc. § 335.1). Several legal doctrines operate to render Plaintiff's claims timely.

5. **Malicious Prosecution Tolling**: Plaintiff's claims for malicious prosecution did not accrue until the termination of the criminal proceedings in his favor on February 9, 2024.

See Cabrera v. City of Huntington Park, 159 F.3d 374, 383 (9th Cir. 1998); Heck v. Humphrey, 512 U.S. 477, 489 (1994). As this action was commenced within two years of this accrual date (October 8, 2024), the claims predicated on malicious prosecution are timely.

6. **Continuing Violation Doctrine**: The constitutional violations alleged herein constitute a continuing pattern of unlawful conduct that commenced on August 26, 2020, and continued through the malicious prosecution instigated and maintained by Defendants **until February 9, 2024**. This continuous chain of events, directly initiated by the unlawful detention and retaliatory arrest by Defendants Pettus and Brandon, fueled the subsequent malicious prosecution. See Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001).

7. **Delayed Accrual for Emotional Distress**: The full extent of Plaintiff's injuries, particularly the ongoing and worsening emotional trauma from the initial incident and prosecution, did not fully manifest until the case's dismissal on February 9, 2024. See Page v. United States, 729 F.2d 818, 820 (D.C. Cir. 1984).

## III. PARTIES

8. Plaintiff Radni Ghafoori is an individual and a citizen of the United States, residing in the State of California.

9. Defendant Deputy Leland Pettus is a sworn deputy sheriff employed by the Stanislaus County Sheriff's Department. He is sued in his individual and official capacities for his direct involvement in the constitutional violations alleged herein.

3

**10**. Defendant Lieutenant Kiely Brandon is a sworn officer and supervisor within the Stanislaus County Sheriff's Department. He is sued in his individual and official capacities for his failure to intervene, ratification of unlawful conduct, and direct participation in the violation of Plaintiff's rights.

**11**. Defendant Deputy George Crowley is a sworn deputy sheriff employed by the Stanislaus County Sheriff's Department who was present and participated in the unlawful detention of Plaintiff. He is sued in his individual and official capacities.

**12**. Defendant Sheriff Jeff Dennett is the elected Sheriff of Stanislaus County and, as such, is the chief policymaker for the Stanislaus County Sheriff's Department. He is sued in his official capacity for his ultimate responsibility for the policies, customs, practices, training, and supervision that caused or contributed to the constitutional and state law violations alleged herein. He is also sued in his individual capacity for any direct involvement or deliberate indifference to the alleged misconduct.

**13**. Defendant Stanislaus County is a municipal entity located in the State of California. It is sued for its policies, customs, and practices, including but not limited to the training, supervision, and discipline of its law enforcement officers, that caused or contributed to the constitutional and state law violations alleged herein.

**14**. Defendant Stanislaus County Sheriff's Department is a public agency and a subdivision of Stanislaus County, responsible for the actions of its deputies, including Defendants Pettus, Brandon, Crowley, and operating under the authority of Sheriff Dennett. It is sued as an entity whose policies, customs, and practices caused or contributed to the constitutional and state law violations alleged herein.

## IV. FACTUAL ALLEGATIONS

**A. Initial Encounter and Unlawful Detention by Deputy Leland Pettus (August 26, 2020):**

15. On August 26, 2020, Plaintiff entered Department 3 of the Stanislaus County Superior Court to attend a legal proceeding.

16. Upon entering the courtroom, Plaintiff observed Deputy Leland Pettus without his mask properly worn, and a clerk for Judge McFadden with her mask below her chin.

17. Deputy Pettus approached Plaintiff and directed him to wear his mask. Plaintiff, who has a medical condition affecting his breathing, had briefly lowered his mask. There was no clearly visible or legally binding mask mandate or court order in place at that time.

18. Plaintiff complied and obtained a mask. Upon re-entering the courtroom, Plaintiff again briefly lowered his mask to breathe due to his medical condition, observing that the clerk still had her mask improperly worn.

19. Deputy Pettus again confronted Plaintiff, ordering him to leave despite the inconsistent enforcement of any alleged mask rule.

20. As Plaintiff was leaving the courtroom, he took a photograph of the clerk with her mask improperly worn to document the unequal enforcement. This act of documenting public officials in a public space constituted protected First Amendment activity. See Ford v. City of Yakima, 706 F.3d 1188, 1195 (9th Cir. 2013) (recognizing a clearly established First Amendment right to record police officers in public spaces).

21. In response, Deputy Pettus, without warning or provocation, physically assaulted

5

Plaintiff by tackling him against a wall and forcibly seizing his cellular phone.

**22**. Deputy Pettus then placed Plaintiff under arrest, despite the absence of any lawful basis for doing so. This adverse action would not have occurred but for Plaintiff's exercise of his First Amendment rights, demonstrating retaliatory intent. See Nieves v. Bartlett, 139 S. Ct. 1715, 1726 (2019) (establishing the "but-for" causation standard for First Amendment retaliatory arrest claims) and Gonzalez v. Trevino, 601 U.S. ___ (2024) (affirming that a plaintiff need not show a perfect comparator but must still show that the arrest likely occurred because of protected conduct).

**23**. Deputy Pettus's use of force was objectively unreasonable, particularly because he unnecessarily created his own sense of urgency and perceived threat without any immediate danger to justify the substantial force used. As noted by courts in similar excessive force cases, a reasonable jury could conclude that an officer's actions escalate a situation to create the perceived need for force, thereby rendering the force unjustified. See, e.g., Cohen v. City of Portland, 950 F.3d 636, 646 (9th Cir. 2020) (holding that "a reasonable jury could conclude that ... Cohen unnecessarily created his own sense of urgency and the potential threat of a weapon without more did not create an immediate danger to justify the use of substantial force.").

**B. Involvement of Deputy George Crowley and Lieutenant Kiely Brandon (August 26, 2020):**

**24**. Following the assault and unlawful arrest by Deputy Pettus, Defendant Deputy George Crowley arrived and assisted in continuing Plaintiff's detention, despite acknowledging the absence of any official mask mandate or court order requiring Plaintiff's removal or arrest.

**25**. Defendant Lieutenant Kiely Brandon, a supervising officer, arrived at the scene. Plaintiff informed Lieutenant Brandon of the inconsistent mask enforcement and the lack of any legal basis for his arrest.

**26**. Despite being informed that there was no mask mandate in effect, and observing the hypocrisy of court staff not properly wearing masks, Lieutenant Brandon failed to intervene to correct the unlawful detention and arrest.

**27**. Instead, Lieutenant Brandon ratified Deputy Pettus's actions and further violated Plaintiff's rights by searching him and seizing his person.

**28**. During questioning in a private room, Plaintiff stated to Lieutenant Brandon that if they returned to the courtroom, everyone would be wearing their masks, highlighting the pretextual nature of the enforcement against Plaintiff. Upon returning to the courtroom, this proved to be true.

**29**. Lieutenant Brand failed to take any action to address the unlawful conduct of Deputy Pettus or to release Plaintiff, despite the clear absence of a legitimate reason for the arrest.

**C. Subsequent Court Proceedings and Continuous Prosecution:**

**30**. Following the unlawful arrest, Plaintiff was charged with wilfully disobeying a court order for taking a photograph in the courtroom. This charge was baseless, as Deputy Pettus was the one who ordered Plaintiff out of the courtroom.

**31**. During one of Plaintiff's early court appearances, a prosecutor began to mention that Plaintiff was present in court "because he was not wearing a mask," but the presiding

judge immediately corrected her, stating that "this is about Mr. Ghafoori taking a photograph." At no point did the court or the prosecution allow Plaintiff to explain the circumstances that led to the photograph—namely, the arbitrary and selective enforcement of a non-existent mask rule by Deputy Pettus and the inconsistent application of courtroom protocols. Instead, Defendants and prosecutors maintained a misleading narrative that Plaintiff's act of taking a photo, not the events and constitutional violations that led to it, justified the continued prosecution. This deliberate mischaracterization concealed the true motivation behind Plaintiff's act and enabled the malicious prosecution to continue under a distorted pretext.

32. On one occasion, a public defender assigned to Plaintiff in the absence of his regular counsel, Mr. Preciliano Martinez, strongly urged Plaintiff to accept a plea deal related to the initial incident, further highlighting the continuous nature of the legal repercussions stemming from the events of **August 26, 2020**.

33. Plaintiff was subjected to a prolonged malicious prosecution for nearly four years. During this time, the prosecution repeatedly pressured Plaintiff to accept a plea deal, despite the lack of sufficient evidence to support the charges.

34. Plaintiff consistently asserted his innocence and requested a jury trial to present evidence of the unlawful actions against him. These requests were ignored, and the case was intentionally delayed.

35. Plaintiff's repeated compelled appearances in court, traveling from Los Angeles to Stanislaus County for brief hearings related to the initial unlawful arrest, underscore the continuous burden and injury caused by Defendants' actions and the ensuing prosecution.

8

36. On **February 9, 2024**, after Plaintiff indicated his intention to subpoena Defendants Pettus, Brandon, and Judge McFadden, the prosecution abruptly dismissed the case "**in the interest of justice**," without allowing Plaintiff the opportunity to present his case to a jury or clear his name.

**D. Policies, Customs, and Practices of Stanislaus County and Stanislaus County Sheriff's Department:**

37. Defendant Stanislaus County, Defendant Stanislaus County Sheriff's Department, and Defendant Sheriff Jeff Dennett maintained policies, customs, and practices that fostered an environment where the constitutional and state law violations alleged herein were foreseeable and likely to occur.

38. **These policies, customs, and practices include, but are not limited to:**

a. Failure to adequately train and supervise deputies regarding the proper enforcement of rules and the constitutional rights of individuals, including the right to record in public spaces and the prohibition against unlawful arrests and excessive force.

b. Failure to implement and enforce clear and consistent policies regarding mask mandates or other courtroom rules, leading to arbitrary and discriminatory enforcement.

c. Failure to adequately address or discipline instances of misconduct by deputies, thereby fostering a culture of impunity.

d. A custom or practice of allowing or tolerating retaliatory actions against individuals who question or document the actions of law enforcement officers.

e. A custom or practice of malicious prosecution without proper investigation or due

regard for the constitutional rights of the accused.

39. The actions of Defendants Pettus, Brandon, and Crowley were taken pursuant to these policies, customs, and practices of Stanislaus County, the Stanislaus County Sheriff's Department, and Sheriff Jeff Dennett, or were ratified by them through a failure to adequately supervise, train, or discipline the involved officers.

**E. Ongoing Harm to Plaintiff:**

40. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered and continues to suffer significant physical pain from the initial assault, severe emotional distress, anxiety, sleeplessness, paranoia, and a profound sense of injustice.

41. The trauma of the incident and the subsequent malicious prosecution have triggered past traumatic experiences from Plaintiff's childhood, exacerbating his emotional suffering.

42. Plaintiff's relationships, particularly with his girlfriend, have been strained due to the constant anxiety and emotional turmoil caused by Defendants' actions.

43. Plaintiff has experienced a significant decline in his ability to perform daily activities and has suffered financial harm due to the disruption of his life and the expenses incurred as a result of the baseless prosecution and repeated court appearances.

**V. CAUSES OF ACTION**

**COUNT 1: FOURTH AMENDMENT VIOLATION – UNLAWFUL SEIZURE AND EXCESSIVE FORCE**

10

(Against Deputy Leland Pettus, in his individual and official capacities; Lieutenant Kiely Brandon, in his individual and official capacities; Stanislaus County; Stanislaus County Sheriff's Department; and Sheriff Jeff Dennett)

44. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

45. Defendant Deputy Leland Pettus, acting under color of state law in his individual and official capacities, subjected Plaintiff to an unlawful seizure and used excessive force against him without probable cause or legal justification, in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

46. Defendant Lieutenant Kiely Brandon, acting under color of state law in his individual and official capacities, failed to intervene to prevent the unlawful seizure and excessive force by Deputy Pettus, and further subjected Plaintiff to an unlawful seizure and search without probable cause or legal justification, thereby violating Plaintiff's rights under the Fourth Amendment.

47. The excessive force employed by Deputy Pettus was objectively unreasonable under the circumstances, particularly because he unnecessarily created the sense of urgency and perceived threat, without any immediate danger to justify the use of substantial force. A reasonable jury could conclude that Deputy Pettus's actions escalated the situation to create the perceived need for force, thereby rendering the force unjustified. See Cohen v. City of Portland, 950 F.3d 636, 646 (9th Cir. 2020).

48. Defendant Stanislaus County, Defendant Stanislaus County Sheriff's Department, and Defendant Sheriff Jeff Dennett are liable for the Fourth Amendment violations committed by their employees due to their failure to adequately train, supervise, and

11

discipline their officers, and due to their policies, customs, and practices that encouraged or condoned such unlawful conduct.

**COUNT 2: FIRST AMENDMENT VIOLATION – RETALIATION FOR EXERCISING RIGHT TO RECORD AND PROTECTED SPEECH**

(Against Deputy Leland Pettus, in his individual and official capacities; Lieutenant Kiely Brandon, in his individual and official capacities; Stanislaus County; Stanislaus County Sheriff's Department; and Sheriff Jeff Dennett)

49. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

50. Plaintiff had a clearly established First Amendment right to record public officials, including court staff, in the performance of their duties in a public space. This right extends to expressive conduct, such as documenting perceived unequal treatment, as recognized in Cohen v. California, 403 U.S. 15 (1971). Furthermore, the First Amendment protects an individual's right to verbally challenge police action, as established in City of Houston v. Hill, 482 U.S. 451 (1987), provided such speech does not constitute obstruction.

51. Defendant Deputy Leland Pettus, acting under color of state law in his individual and official capacities, retaliated against Plaintiff for exercising this right by physically assaulting and arresting him immediately after Plaintiff took a photograph to document the inconsistent enforcement of the alleged mask policy.

52. This adverse action by Deputy Pettus would not have occurred but for Plaintiff's exercise of his First Amendment rights to record and challenge, demonstrating retaliatory

intent. See Nieves v. Bartlett, 139 S. Ct. 1715, 1726 (2019) (establishing the "but-for" causation standard for First Amendment retaliatory arrest claims absent probable cause). Plaintiff did not obstruct Deputy Pettus, and there was no probable cause for the arrest; thus, the retaliatory motive is evident.

**53**. The retaliatory nature of the arrest is further supported by the disparate treatment Plaintiff received compared to other individuals (including court staff and other deputies) who were not complying with any alleged mask mandate but faced no adverse action. See Gonzalez v. Trevino, 601 U.S. ___ (2024) (explaining that a plaintiff may rely on evidence of disparate treatment for First Amendment retaliation claims, even without perfect comparators, if the adverse action was in retaliation for protected speech). This pattern of selective enforcement and punishment for protected conduct is also recognized in Ballentine v. Tucker, 28 F.4th 54 (9th Cir. 2022).

**54**. Defendant Lieutenant Kiely Brandon, acting under color of state law in his individual and official capacities, ratified and failed to correct this retaliatory action by Deputy Pettus, despite being informed of the lack of a mask mandate and the disparate treatment.

**55**. Defendant Stanislaus County, Defendant Stanislaus County Sheriff's Department, and Defendant Sheriff Jeff Dennett are liable for the First Amendment retaliation committed by their employees due to their failure to adequately train and supervise their officers regarding the First Amendment rights of the public and their tolerance of retaliatory conduct.

**COUNT 3: FOURTEENTH AMENDMENT VIOLATION – MALICIOUS PROSECUTION AND RETALIATION**

13

(Against Deputy Leland Pettus, in his individual and official capacities; Lieutenant Kiely Brandon, in his individual and official capacities; Stanislaus County; Stanislaus County Sheriff's Department; and Sheriff Jeff Dennett)

56. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 as if fully set forth herein.

57. Defendants, acting under color of state law in their individual and official capacities, initiated and maintained a malicious prosecution against Plaintiff without probable cause and with malice, for the purpose of retaliating against him for questioning Deputy Pettus's authority and documenting the inconsistent mask enforcement. The criminal proceedings against Plaintiff ultimately terminated in his favor on February 9, 2024, satisfying the requirement for a malicious prosecution claim under 42 U.S.C. § 1983 as clarified in Thompson v. Clark, 596 U.S. ___ (2022).

58. The malicious prosecution caused Plaintiff significant emotional distress, financial harm, and a deprivation of his liberty and due process rights.

59. Defendant Stanislaus County, Defendant Stanislaus County Sheriff's Department, and Defendant Sheriff Jeff Dennett are liable for the malicious prosecution due to their failure to adequately train and supervise their officers regarding the initiation of arrests and prosecutions, and due to their tolerance of baseless charges brought in retaliation for protected conduct.

**COUNT 4: FOURTEENTH AMENDMENT VIOLATION – FAILURE TO INTERVENE IN UNLAWFUL SEIZURE AND EXCESSIVE FORCE**

(Against Lieutenant Kiely Brandon, in his individual and official capacities; Deputy George Crowley, in his individual and official capacities; Stanislaus County; Stanislaus

14

County Sheriff's Department; and Sheriff Jeff Dennett)

60. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 55 as if fully set forth herein.

61. Defendants Lieutenant Kiely Brandon and Deputy George Crowley, acting under color of state law in their individual and official capacities, had a duty to intervene to prevent the constitutional violations being committed by Deputy Pettus against Plaintiff.

62. Despite having the opportunity and authority to do so, Defendants Lieutenant Kiely Brandon and Deputy George Crowley failed to take any action to stop the unlawful seizure, excessive force, and retaliatory arrest of Plaintiff, thereby demonstrating deliberate indifference to Plaintiff's constitutional rights.

63. Defendant Stanislaus County, Defendant Stanislaus County Sheriff's Department, and Defendant Sheriff Jeff Dennett are liable for the failure to intervene by their officers due to their inadequate training, supervision, and policies that failed to emphasize the duty of officers to intervene in instances of constitutional violations by their colleagues.

**COUNT 5: CALIFORNIA TOM BANE CIVIL RIGHTS ACT VIOLATION**

(Against Deputy Leland Pettus, in his individual and official capacities; Lieutenant Kiely Brandon, in his individual and official capacities; Stanislaus County; Stanislaus County Sheriff's Department; and Sheriff Jeff Dennett)

64. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

65. California Civil Code § 52.1(a) provides a cause of action when a person or

15

persons, whether or not acting under color of law, interfere by threats, intimidation, or coercion, or attempt to so interfere, with any individual's exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state.

66. Defendant Deputy Leland Pettus, acting under color of state law, interfered with Plaintiff's rights through coercion and physical force by tackling him, seizing his phone, and unlawfully arresting him. These actions were intended to, and did, interfere with Plaintiff's right to be free from unreasonable seizure under the Fourth Amendment and his First Amendment right to record and express himself.

67. Defendant Lieutenant Kiely Brandon, acting under color of state law, ratified and contributed to the interference with Plaintiff's civil rights by failing to intervene, continuing the unlawful detention, and searching Plaintiff without probable cause, thereby coercively depriving Plaintiff of his Fourth Amendment rights and implicitly endorsing the coercive actions of Deputy Pettus.

68. Defendant Stanislaus County, Defendant Stanislaus County Sheriff's Department, and Defendant Sheriff Jeff Dennett are liable under California Civil Code § 52.1 for their failure to adequately train, supervise, and discipline their officers, leading to the coercive actions of Deputies Pettus and Brandon, and for maintaining policies, customs, and practices that encouraged or condoned such violations.

69. As a direct and proximate result of these violations of California Civil Code § 52.1, Plaintiff has suffered the damages outlined in Section VI.

**VI. DAMAGES SOUGHT**

16

As a direct and proximate result of the Defendants' unlawful actions, Plaintiff has suffered and continues to suffer the following damages:

**A. Compensatory Damages:**

**70. Physical Injuries**: Compensation for the physical pain and discomfort resulting from Deputy Pettus's assault, including injuries to Plaintiff's neck and shoulders, which were exacerbated by pre-existing conditions and caused prolonged discomfort and limitation of movement.

**71. Severe and Prolonged Emotional Distress and Psychological Trauma**: Compensation in a significant amount for the profound and lasting emotional distress, anxiety, panic attacks, sleeplessness, paranoia, feelings of helplessness, fear, and betrayal experienced by Plaintiff as a direct result of the unlawful arrest, excessive force, retaliatory actions, and the prolonged malicious prosecution. This includes the triggering of past trauma and the substantial negative impact on Plaintiff's mental and emotional well-being over the past four years and continuing to the present.

**72. Significant Disruption of Life and Loss of Enjoyment of Life**: Compensation in a substantial amount for the fundamental disruption to Plaintiff's daily life, including the inability to perform basic tasks, the severe strain on his relationships, and the significant hindering of his ability to relocate and pursue opportunities, representing a profound loss of enjoyment of life.

**73. Financial Losses**: Compensation for financial losses incurred as a result of Defendants' actions, including but not limited to expenses related to repeated travel for court appearances in Stanislaus County from Los Angeles, and any economic harm

17

caused by the disruption of Plaintiff's ability to relocate and pursue opportunities.

**B. Punitive Damages:**

74. Plaintiff is entitled to punitive damages in a significant amount against Defendants Deputy Leland Pettus, Lieutenant Kiely Brandon, Deputy George Crowley, and Sheriff Jeff Dennett in their individual capacities because their conduct was malicious, oppressive, and in reckless disregard of Plaintiff's constitutional and state law rights. Their intentional and unlawful actions warrant a substantial punitive award to punish them and deter similar conduct in the future.

75. Plaintiff is also entitled to seek punitive damages against Defendants Stanislaus County and Stanislaus County Sheriff's Department to the extent their policies, customs, and practices demonstrated a deliberate or reckless indifference by policymakers to the constitutional and state law rights of individuals and contributed to the egregious violations suffered by Plaintiff, to encourage systemic changes and prevent future harm.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Radni Ghafoori, pro se, respectfully requests that this Court enter judgment against Defendants Deputy Leland Pettus, Lieutenant Kiely Brandon, Deputy George Crowley, Sheriff Jeff Dennett, Stanislaus County, and Stanislaus County Sheriff's Department, and grant the following relief:

a. Judgment finding Defendants liable for violating Plaintiff's rights under the Fourth Amendment of the United States Constitution.

b. Judgment finding Defendants liable for violating Plaintiff's rights under the First Amendment of the United States Constitution.

18

**c.** Judgment finding Defendants liable for violating Plaintiff's rights under the Fourteenth Amendment of the United States Constitution.

**d.** Judgment finding Defendants liable for violating Plaintiff's rights under the California Tom Bane Civil Rights Act (California Civil Code § 52.1).

**e.** An award of compensatory damages to Plaintiff in the amount of $1,250,000.00, or in an amount to be determined by the jury, to fully and fairly compensate him for his physical pain, emotional distress, psychological trauma, impairment of personal relationships, disruption of daily life, loss of enjoyment of life, and financial losses.

**f.** An award of punitive damages against Defendants Deputy Leland Pettus, Lieutenant Kiely Brandon, Deputy George Crowley, and Sheriff Jeff Dennett in their individual capacities, and against Defendants Stanislaus County and Stanislaus County Sheriff's Department to the extent warranted by the evidence, in the amount of $250,000.00 (total), or in an amount to be determined by the jury, to punish them for their wilful and malicious conduct and to deter others from similar actions.

**g.** An award of Plaintiff's reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. § 1988 and any applicable provisions under California Civil Code § 52.1.

**h.** Such other and further relief as the Court deems just and equitable.

**VIII. JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

19

Signature: _____

Dated: May 29, 2025

Radni Ghafoori

**Plaintiff, Pro Se**

1560 Geer Rd, Ste. A

Turlock, CA 95380

Phone: (209) 277-6968

Email: radnighafoori52691@gmail.com

20



**FILED**

MAY 29 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**RADNI GHAFOORI,**
Plaintiff, Pro Se,

Plaintiff,

v.

**DEPUTY LELAND PETTUS,**
Individually Capacity & Official Capacity;
**LIEUTENANT KIELY BRANDON,**
Individually Capacity & Official Capacity;
**DEPUTY GEORGE CROWLEY,**
Individually Capacity & Official Capacity;
**SHERIFF JEFF DENNETT**, Individually Capacity & Official Capacity;
**STANISLAUS COUNTY;**
**STANISLAUS COUNTY SHERIFF'S DEPARTMENT,**

Defendant.

CASE No. **2:24-CV-02930-DC-AC**

**Exhibit A: Redline Version of Correction to Second Amended Complaint**

**~~SECOND AMENDED~~ CORRECTION TO SECOND AMENDED COMPLAINT FOR DAMAGES**
**[42 U.S.C. § 1983 — CIVIL RIGHTS VIOLATIONS]**
**[CALIFORNIA CIVIL CODE § 52.1 — BANE ACT VIOLATION]**

## I. INTRODUCTION

1. This is a civil rights action brought under 42 U.S.C. § 1983 and the California Tom Bane Civil Rights Act (Cal. Civ. Code § 52.1) seeking redress for violations of Plaintiff Radni Ghafoori's constitutional and state law rights committed by Defendants under color of state law. On or about August 26, 2020, at the Stanislaus County Superior Court, Plaintiff was subjected to unlawful detention, arrest without probable cause, retaliatory enforcement of a non-existent mask mandate, and excessive force. These violations were compounded by a malicious prosecution initiated and maintained by Defendants, culminating in the dismissal of the charges on February 9, 2024. The actions of Defendants have caused Plaintiff significant physical, emotional, and financial

1

harm.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiff brings claims arising under the Constitution and laws of the United States, specifically the Fourth, First, and Fourteenth Amendments as enforced by 42 U.S.C. § 1983, and supplemental jurisdiction over the related state law claim pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2), as the events giving rise to these claims occurred in Stanislaus County, California, which is located within the Eastern District of California.

3. Plaintiff's claims are timely under the applicable statute of limitations for civil rights actions in California, which is the state's statute of limitations for personal injury actions, currently two years. See Butler v. Nat'l Cmty. Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014) (citing Cal. Code Civ. Proc. § 335.1). Several legal doctrines operate to render Plaintiff's claims timely.

4. Malicious Prosecution Tolling: Plaintiff's claims for malicious prosecution did not accrue until the termination of the criminal proceedings in his favor on February 9, 2024. See Cabrera v. City of Huntington Park, 159 F.3d 374, 383 (9th Cir. 1998); Heck v. Humphrey, 512 U.S. 477, 489 (1994). As this action was commenced within two years of this accrual date (October 8, 2024), the claims predicated on malicious prosecution are timely.

5. Continuing Violation Doctrine: The constitutional violations alleged herein constitute a continuing pattern of unlawful conduct that commenced on August 26, 2020, and continued through the malicious prosecution instigated and maintained by Defendants until February 9, 2024. This continuous chain of events, directly initiated by the unlawful detention and retaliatory arrest by Defendants Pettus and Brandon, fueled the subsequent malicious prosecution. See Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir.

2

2001).

6. Delayed Accrual for Emotional Distress: The full extent of Plaintiff's injuries, particularly the ongoing and worsening emotional trauma from the initial incident and prosecution, did not fully manifest until the case's dismissal on February 9, 2024. See Page v. United States, 729 F.2d 818, 820 (D.C. Cir. 1984).

## III. PARTIES

1. Plaintiff Radni Ghafoori is an individual and a citizen of the United States, residing in the State of California.

2. Defendant Deputy Leland Pettus is a sworn deputy sheriff employed by the Stanislaus County Sheriff's Department. He is sued in his individual and official capacities for his direct involvement in the constitutional violations alleged herein.

3. Defendant Lieutenant Kiely Brandon is a sworn officer and supervisor within the Stanislaus County Sheriff's Department. He is sued in his individual and official capacities for his failure to intervene, ratification of unlawful conduct, and direct participation in the violation of Plaintiff's rights.

4. Defendant Deputy George Crowley is a sworn deputy sheriff employed by the Stanislaus County Sheriff's Department who was present and participated in the unlawful detention of Plaintiff. He is sued in his individual and official capacities.

**12. Defendant Sheriff Jeff Dennett is the elected Sheriff of Stanislaus County and, as such, is the chief policymaker for the Stanislaus County Sheriff's Department. He is sued in his official capacity for his ultimate responsibility for the policies, customs, practices, training, and supervision that caused or contributed to the constitutional and state law violations alleged herein. He is also sued in his individual capacity for any direct involvement or deliberate indifference to the alleged misconduct.**

~~12.~~~~13. Defendant Stanislaus County is a municipal entity located in the State of California. It is sued for its policies, customs, and practices, including but not limited to

3

the training, supervision, and discipline of its law enforcement officers, that caused or contributed to the constitutional and state law violations alleged herein.

~~13.~~14. Defendant Stanislaus County Sheriff's Department is a public agency and a subdivision of Stanislaus County, responsible for the actions of its deputies, including Defendants Pettus, Brandon, and Crowley**, and operating under the authority of Sheriff Dennett**. It is sued as an entity whose policies, customs, and practices caused or contributed to the constitutional and state law violations alleged herein.

## IV. FACTUAL ALLEGATIONS

**A.** Initial Encounter and Unlawful Detention by Deputy Leland Pettus (August 26, 2020):

~~14.~~15. On August 26, 2020, Plaintiff entered Department 3 of the Stanislaus County Superior Court to attend a legal proceeding.

~~15.~~16. Upon entering the courtroom, Plaintiff observed Deputy Leland Pettus without his mask properly worn, and a clerk for Judge McFadden with her mask below her chin.

~~16.~~17. Deputy Pettus approached Plaintiff and directed him to wear his mask. Plaintiff, who has a medical condition affecting his breathing, had briefly lowered his mask. There was no clearly visible or legally binding mask mandate or court order in place at that time.

~~17.~~18. Plaintiff complied and obtained a mask. Upon re-entering the courtroom, Plaintiff again briefly lowered his mask to breathe due to his medical condition, observing that the clerk still had her mask improperly worn.

~~18.~~19. Deputy Pettus again confronted Plaintiff, ordering him to leave despite the inconsistent enforcement of any alleged mask rule.

~~19.~~20. As Plaintiff was leaving the courtroom, he took a photograph of the clerk with her mask improperly worn to document the unequal enforcement. This act of documenting public officials in a public space constituted protected First Amendment activity. See Ford v. City of Yakima, 706 F.3d 1188, 1195 (9th Cir. 2013) (recognizing a

4

clearly established First Amendment right to record police officers in public spaces).

~~20.~~21. In response, Deputy Pettus, without warning or provocation, physically assaulted Plaintiff by tackling him against a wall and forcibly seizing his cellular phone.

~~21.~~22. Deputy Pettus then placed Plaintiff under arrest, despite the absence of any lawful basis for doing so. This adverse action would not have occurred but for Plaintiff's exercise of his First Amendment rights, demonstrating retaliatory intent. See Nieves v. Bartlett, 139 S. Ct. 1715, 1726 (2019) (establishing the "but-for" causation standard for First Amendment retaliatory arrest claims) and Gonzalez v. Trevino, 601 U.S. ___ (2024) (affirming that a plaintiff need not show a perfect comparator but must still show that the arrest likely occurred because of protected conduct).

**23. Deputy Pettus's use of force was objectively unreasonable, particularly because he unnecessarily created his own sense of urgency and perceived threat without any immediate danger to justify the substantial force used. As noted by courts in similar excessive force cases, a reasonable jury could conclude that an officer's actions escalate a situation to create the perceived need for force, thereby rendering the force unjustified. See Cohen v. City of Portland, 950 F.3d 636, 646 (9th Cir. 2020) (holding that "a reasonable jury could conclude that ... Cohen unnecessarily created his own sense of urgency and the potential threat of a weapon without more did not create an immediate danger to justify the use of substantial force.").**

**B. Involvement of Deputy George Crowley and Lieutenant Kiely Brandon (August 26, 2020):**

~~22.~~24. Following the assault and unlawful arrest by Deputy Pettus, Defendant Deputy George Crowley arrived and assisted in continuing Plaintiff's detention, despite acknowledging the absence of any official mask mandate or court order requiring Plaintiff's removal or arrest.

~~23.~~25. Defendant Lieutenant Kiely Brandon, a supervising officer, arrived at the

5

scene. Plaintiff informed Lieutenant Brandon of the inconsistent mask enforcement and the lack of any legal basis for his arrest.

~~24.~~26. Despite being informed that there was no mask mandate in effect, and observing the hypocrisy of court staff not properly wearing masks, Lieutenant Brandon failed to intervene to correct the unlawful detention and arrest.

~~25.~~27. Instead, Lieutenant Brandon ratified Deputy Pettus's actions and further violated Plaintiff's rights by searching him and seizing his person.

~~26.~~28. During questioning in a private room, Plaintiff stated to Lieutenant Brandon that if they returned to the courtroom, everyone would be wearing their masks, highlighting the pretextual nature of the enforcement against Plaintiff. Upon returning to the courtroom, this proved to be true.

~~27.~~29. Lieutenant Brand failed to take any action to address the unlawful conduct of Deputy Pettus or to release Plaintiff, despite the clear absence of a legitimate reason for the arrest.

**C. Subsequent Court Proceedings and Continuous Prosecution**:

~~28.~~30. Following the unlawful arrest, Plaintiff was charged with willfully disobeying a court order for taking a photograph in the courtroom. This charge was baseless, as Deputy Pettus was the one who ordered Plaintiff out of the courtroom.

~~29.~~31. During one of Plaintiff's early court appearances, a prosecutor began to mention that Plaintiff was present in court "because he was not wearing a mask," but the presiding judge immediately corrected her, stating that "this is about Mr. Ghafoori taking a photograph." At no point did the court or the prosecution allow Plaintiff to explain the circumstances that led to the photograph—namely, the arbitrary and selective enforcement of a non-existent mask rule by Deputy Pettus and the inconsistent application of courtroom protocols. Instead, Defendants and prosecutors maintained a misleading narrative that Plaintiff's act of taking a photo, not the events and constitutional violations that led to it, justified the continued prosecution. This deliberate

6

mischaracterization concealed the true motivation behind Plaintiff's act and enabled the malicious prosecution to continue under a distorted pretext.

~~30.~~32. On one occasion, a public defender assigned to Plaintiff in the absence of his regular counsel, Mr. Preciliano Martinez, strongly urged Plaintiff to accept a plea deal related to the initial incident, further highlighting the continuous nature of the legal repercussions stemming from the events of August 26, 2020.

~~31.~~33. Plaintiff was subjected to a prolonged malicious prosecution for nearly four years. During this time, the prosecution repeatedly pressured Plaintiff to accept a plea deal, despite the lack of sufficient evidence to support the charges.

~~32.~~34. Plaintiff consistently asserted his innocence and requested a jury trial to present evidence of the unlawful actions against him. These requests were ignored, and the case was intentionally delayed.

~~33.~~35. Plaintiff's repeated compelled appearances in court, traveling from Los Angeles to Stanislaus County for brief hearings related to the initial unlawful arrest, underscore the continuous burden and injury caused by Defendants' actions and the ensuing prosecution.

~~34.~~36. On February 9, 2024, after Plaintiff indicated his intention to subpoena Defendants Pettus, Brandon, and Judge McFadden, the prosecution abruptly dismissed the case "in the interest of justice," without allowing Plaintiff the opportunity to present his case to a jury or clear his name.

**D. Policies, Customs, and Practices of Stanislaus County and Stanislaus County Sheriff's Department:**

~~35.~~37. Defendant Stanislaus County, Defendant Stanislaus County Sheriff's Department, and Defendant Sheriff Jeff Dennett maintained policies, customs, and practices that fostered an environment where the constitutional and state law violations alleged herein were foreseeable and likely to occur.

~~36.~~38. These policies, customs, and practices include, but are not limited to:

7

a. Failure to adequately train and supervise deputies regarding the proper enforcement of rules and the constitutional rights of individuals, including the right to record in public spaces and the prohibition against unlawful arrests and excessive force.

b. Failure to implement and enforce clear and consistent policies regarding mask mandates or other courtroom rules, leading to arbitrary and discriminatory enforcement.

c. Failure to adequately address or discipline instances of misconduct by deputies, thereby fostering a culture of impunity.

d. A custom or practice of allowing or tolerating retaliatory actions against individuals who question or document the actions of law enforcement officers.

e. A custom or practice of malicious prosecution without proper investigation or due regard for the constitutional rights of the accused.

~~37.~~39. The actions of Defendants Pettus, Brandon, and Crowley were taken pursuant to these policies, customs, and practices of Stanislaus County, the Stanislaus County Sheriff's Department, and Sheriff Jeff Dennett, or were ratified by them through a failure to adequately supervise, train, or discipline the involved officers.

**E. Ongoing Harm to Plaintiff:**

~~38.~~40. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered and continues to suffer significant physical pain from the initial assault, severe emotional distress, anxiety, sleeplessness, paranoia, and a profound sense of injustice.

~~39.~~41. The trauma of the incident and the subsequent malicious prosecution have triggered past traumatic experiences from Plaintiff's childhood, exacerbating his emotional suffering.

~~40.~~42. Plaintiff's relationships, particularly with his girlfriend, have been strained due to the constant anxiety and emotional turmoil caused by Defendants' actions.

~~41.~~43. Plaintiff has experienced a significant decline in his ability to perform daily activities and has suffered financial harm due to the disruption of his life and the

8

expenses incurred as a result of the baseless prosecution and repeated court appearances.

## V. CAUSES OF ACTION

## COUNT 1: FOURTH AMENDMENT VIOLATION – UNLAWFUL SEIZURE AND EXCESSIVE FORCE

(Against Deputy Leland Pettus, in his individual and official capacities; Lieutenant Kiely Brandon, in his individual and official capacities; Stanislaus County; Stanislaus County Sheriff's Department; and Sheriff Jeff Dennett)

~~42.~~44. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through ~~37~~43 as if fully set forth herein.

~~43.~~45. Defendant Deputy Leland Pettus, acting under color of state law in his individual and official capacities, subjected Plaintiff to an unlawful seizure and used excessive force against him without probable cause or legal justification, in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

~~44.~~46. Defendant Lieutenant Kiely Brandon, acting under color of state law in his individual and official capacities, failed to intervene to prevent the unlawful seizure and excessive force by Deputy Pettus, and further subjected Plaintiff to an unlawful seizure and search without probable cause or legal justification, thereby violating Plaintiff's rights under the Fourth Amendment.

~~45.~~47. The excessive force employed by Deputy Pettus was objectively unreasonable under the circumstances, particularly because he unnecessarily created the sense of urgency and perceived threat, without any immediate danger to justify the use of substantial force. A reasonable jury could conclude that Deputy Pettus's actions escalated the situation to create the perceived need for force, thereby rendering the force unjustified. See Cohen v. City of Portland, 950 F.3d 636, 646 (9th Cir. 2020).

~~46.~~48. Defendant Stanislaus County, Defendant Stanislaus County Sheriff's Department, and Defendant Sheriff Jeff Dennett are liable for the Fourth Amendment

9

violations committed by their employees due to their failure to adequately train, supervise, and discipline their officers, and due to their policies, customs, and practices that encouraged or condoned such unlawful conduct.

**COUNT 2: FIRST AMENDMENT VIOLATION – RETALIATION FOR EXERCISING RIGHT TO RECORD AND PROTECTED SPEECH**

(Against Deputy Leland Pettus, in his individual and official capacities; Lieutenant Kiely Brandon, in his individual and official capacities; Stanislaus County; Stanislaus County Sheriff's Department; and Sheriff Jeff Dennett)

~~47.~~49. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through ~~41~~43 as if fully set forth herein.

~~48.~~50. Plaintiff had a clearly established First Amendment right to record public officials, including court staff, in the performance of their duties in a public space. This right extends to expressive conduct, such as documenting perceived unequal treatment, as recognized in Cohen v. California, 403 U.S. 15 (1971). Furthermore, the First Amendment protects an individual's right to verbally challenge police action, as established in City of Houston v. Hill, 482 U.S. 451 (1987), provided such speech does not constitute obstruction.

~~49.~~51. Defendant Deputy Leland Pettus, acting under color of state law in his individual and official capacities, retaliated against Plaintiff for exercising this right by physically assaulting and arresting him immediately after Plaintiff took a photograph to document the inconsistent enforcement of the alleged mask policy.

~~50.~~52. This adverse action by Deputy Pettus would not have occurred but for Plaintiff's exercise of his First Amendment rights to record and challenge, demonstrating retaliatory intent. See Nieves v. Bartlett, 139 S. Ct. 1715, 1726 (2019) (establishing the "but-for" causation standard for First Amendment retaliatory arrest claims absent probable cause). Plaintiff did not obstruct Deputy Pettus, and there was no probable cause for the arrest; thus, the retaliatory motive is evident.

10

**53. The retaliatory nature of the arrest is further supported by the disparate treatment Plaintiff received compared to other individuals (including court staff and other deputies) who were not complying with any alleged mask mandate but faced no adverse action. See Gonzalez v. Trevino, 601 U.S. ___ (2024) (explaining that a plaintiff may rely on evidence of disparate treatment for First Amendment retaliation claims, even without perfect comparators, if the adverse action was in retaliation for protected speech). This pattern of selective enforcement and punishment for protected conduct is also recognized in Ballentine v. Tucker, 28 F.4th 54 (9th Cir. 2022).**

~~51.~~54. Defendant Lieutenant Kiely Brandon, acting under color of state law in his individual and official capacities, ratified and failed to correct this retaliatory action by Deputy Pettus, despite being informed of the lack of a mask mandate and the disparate treatment.

~~52.~~55. Defendant Stanislaus County, Defendant Stanislaus County Sheriff's Department, and Defendant Sheriff Jeff Dennett are liable for the First Amendment retaliation committed by their employees due to their failure to adequately train and supervise their officers regarding the First Amendment rights of the public and their tolerance of retaliatory conduct.

**COUNT 3: FOURTEENTH AMENDMENT VIOLATION – MALICIOUS PROSECUTION AND RETALIATION**

(Against Deputy Leland Pettus, in his individual and official capacities; Lieutenant Kiely Brandon, in his individual and official capacities; Stanislaus County; Stanislaus County Sheriff's Department; and Sheriff Jeff Dennett)

~~53.~~56. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through ~~48~~55 as if fully set forth herein.

~~54.~~57. Defendants, acting under color of state law in their individual and official capacities, initiated and maintained a malicious prosecution against Plaintiff without

11

probable cause and with malice, for the purpose of retaliating against him for questioning Deputy Pettus's authority and documenting the inconsistent mask enforcement. The criminal proceedings against Plaintiff ultimately terminated in his favor on February 9, 2024, satisfying the requirement for a malicious prosecution claim under 42 U.S.C. § 1983 as clarified in Thompson v. Clark, 596 U.S. ___ (2022).

~~55.~~58. The malicious prosecution caused Plaintiff significant emotional distress, financial harm, and a deprivation of his liberty and due process rights.

~~56.~~59. Defendant Stanislaus County, Defendant Stanislaus County Sheriff's Department, and Defendant Sheriff Jeff Dennett are liable for the malicious prosecution due to their failure to adequately train and supervise their officers regarding the initiation of arrests and prosecutions, and due to their tolerance of baseless charges brought in retaliation for protected conduct.

**COUNT 4: FOURTEENTH AMENDMENT VIOLATION – FAILURE TO INTERVENE IN UNLAWFUL SEIZURE AND EXCESSIVE FORCE**

(Against Lieutenant Kiely Brandon, in his individual and official capacities; Deputy George Crowley, in his individual and official capacities; Stanislaus County; Stanislaus County Sheriff's Department; and Sheriff Jeff Dennett)

~~57.~~60. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through ~~55~~59 as if fully set forth herein.

~~58.~~61. Defendants Lieutenant Kiely Brandon and Deputy George Crowley, acting under color of state law in their individual and official capacities, had a duty to intervene to prevent the constitutional violations being committed by Deputy Pettus against Plaintiff.

~~59.~~62. Despite having the opportunity and authority to do so, Defendants Lieutenant Kiely Brandon and Deputy George Crowley failed to take any action to stop the unlawful seizure, excessive force, and retaliatory arrest of Plaintiff, thereby demonstrating deliberate indifference to Plaintiff's constitutional rights.

12

~~60.~~63. Defendant Stanislaus County, Defendant Stanislaus County Sheriff's Department, and Defendant Sheriff Jeff Dennett are liable for the failure to intervene by their officers due to their inadequate training, supervision, and policies that failed to emphasize the duty of officers to intervene in instances of constitutional violations by their colleagues.

**COUNT 5: CALIFORNIA TOM BANE CIVIL RIGHTS ACT VIOLATION**

(Against Deputy Leland Pettus, in his individual and official capacities; Lieutenant Kiely Brandon, in his individual and official capacities; Stanislaus County; Stanislaus County Sheriff's Department; and Sheriff Jeff Dennett)

~~61.~~64. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through ~~41~~43 as if fully set forth herein.

~~62.~~65. California Civil Code § 52.1(a) provides a cause of action when a person or persons, whether or not acting under color of law, interfere by threats, intimidation, or coercion, or attempt to so interfere, with any individual's exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state.

~~63.~~66. Defendant Deputy Leland Pettus, acting under color of state law, interfered with Plaintiff's rights through coercion and physical force by tackling him, seizing his phone, and unlawfully arresting him. These actions were intended to, and did, interfere with Plaintiff's right to be free from unreasonable seizure under the Fourth Amendment and his First Amendment right to record and express himself.

~~64.~~67. Defendant Lieutenant Kiely Brandon, acting under color of state law, ratified and contributed to the interference with Plaintiff's civil rights by failing to intervene, continuing the unlawful detention, and searching Plaintiff without probable cause, thereby coercively depriving Plaintiff of his Fourth Amendment rights and implicitly endorsing the coercive actions of Deputy Pettus.

~~65.~~68. Defendant Stanislaus County, Defendant Stanislaus County Sheriff's

13

Department, and Defendant Sheriff Jeff Dennett are liable under California Civil Code § 52.1 for their failure to adequately train, supervise, and discipline their officers, leading to the coercive actions of Deputies Pettus and Brandon, and for maintaining policies, customs, and practices that encouraged or condoned such violations.

~~66.~~69. As a direct and proximate result of these violations of California Civil Code § 52.1, Plaintiff has suffered the damages outlined in Section VI.

## VI. DAMAGES SOUGHT

As a direct and proximate result of the Defendants' unlawful actions, Plaintiff has suffered and continues to suffer the following damages:

**A. Compensatory Damages:**

~~67.~~70. Physical Injuries: Compensation for the physical pain and discomfort resulting from Deputy Pettus's assault, including injuries to Plaintiff's neck and shoulders, which were exacerbated by pre-existing conditions and caused prolonged discomfort and limitation of movement.

~~68.~~71. Severe and Prolonged Emotional Distress and Psychological Trauma: Compensation in a significant amount for the profound and lasting emotional distress, anxiety, panic attacks, sleeplessness, paranoia, feelings of helplessness, fear, and betrayal experienced by Plaintiff as a direct result of the unlawful arrest, excessive force, retaliatory actions, and the prolonged malicious prosecution. This includes the triggering of past trauma and the substantial negative impact on Plaintiff's mental and emotional well-being over the past four years and continuing to the present.

~~69.~~72. Significant Disruption of Life and Loss of Enjoyment of Life: Compensation in a substantial amount for the fundamental disruption to Plaintiff's daily life, including the inability to perform basic tasks, the severe strain on his relationships, and the significant hindering of his ability to relocate and pursue opportunities, representing a profound loss of enjoyment of life.

~~70.~~73. Financial Losses: Compensation for financial losses incurred as a result of Defendants' actions, including but not limited to expenses related to repeated travel for court appearances in Stanislaus County from Los Angeles, and any economic harm caused by the disruption of Plaintiff's ability to relocate and pursue opportunities.

**B. Punitive Damages:**

~~71.~~74. Plaintiff is entitled to punitive damages in a significant amount against Defendants Deputy Leland Pettus, Lieutenant Kiely Brandon, Deputy George Crowley, and Sheriff Jeff Dennett in their individual capacities because their conduct was malicious, oppressive, and in reckless disregard of Plaintiff's constitutional and state law rights. Their intentional and unlawful actions warrant a substantial punitive award to punish them and deter similar conduct in the future.

~~72.~~75. Plaintiff is also entitled to seek punitive damages against Defendants Stanislaus County and Stanislaus County Sheriff's Department to the extent their policies, customs, and practices demonstrated a deliberate or reckless indifference by policymakers to the constitutional and state law rights of individuals and contributed to the egregious violations suffered by Plaintiff, to encourage systemic changes and prevent future harm.

**VII. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Radni Ghafoori, pro se, respectfully requests that this Court enter judgment against Defendants Deputy Leland Pettus, Lieutenant Kiely Brandon, Deputy George Crowley, Sheriff Jeff Dennett, Stanislaus County, and Stanislaus County Sheriff's Department, and grant the following relief:

a. Judgment finding Defendants liable for violating Plaintiff's rights under the Fourth Amendment of the United States Constitution.

15

**b**. Judgment finding Defendants liable for violating Plaintiff's rights under the First Amendment of the United States Constitution.

**c**. Judgment finding Defendants liable for violating Plaintiff's rights under the Fourteenth Amendment of the United States Constitution.

**d**. Judgment finding Defendants liable for violating Plaintiff's rights under the California Tom Bane Civil Rights Act (California Civil Code § 52.1).

**e**. An award of compensatory damages to Plaintiff in the amount of $1,250,000.00, or in an amount to be determined by the jury, to fully and fairly compensate him for his physical pain, emotional distress, psychological trauma, impairment of personal relationships, disruption of daily life, loss of enjoyment of life, and financial losses.

**f**. An award of punitive damages against Defendants Deputy Leland Pettus, Lieutenant Kiely Brandon, Deputy George Crowley, and Sheriff Jeff Dennett in their individual capacities, and against Defendants Stanislaus County and Stanislaus County Sheriff's Department to the extent warranted by the evidence, in the amount of $250,000.00 (total), or in an amount to be determined by the jury, to punish them for their wilful and malicious conduct and to deter others from similar actions.

**g**. An award of Plaintiff's reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. § 1988 and any applicable provisions under California Civil Code § 52.1.

**h**. Such other and further relief as the Court deems just and equitable.

**VIII. JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

16

Signature: _____

Dated: May 29, 2025

Radni Ghafoori

Plaintiff, Pro Se

1560 Geer Rd, Ste. A

Turlock, CA 95380

Phone: (209) 277-6968

Email: radnighafoori52691@gmail.com

17