UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADNI GHAFOORI,<br><br>         Plaintiff,<br><br>    v.<br><br>DEPUTY LELAND PETTUS,<br>LIEUTENANT KIELY BRANDON,<br>DEPUTY GEORGE CROWLEY, JUDGE<br>LINDA A. McFADDEN,<br><br>         Defendants. | No. 2:24-cv-2930 DC AC PS<br><br><br>ORDER and FINDINGS AND<br>RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). This case was initially filed in the Fresno Division of the Eastern District of California, and plaintiff was granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a)(1) prior to the case being transferred to the Sacramento Division. ECF Nos. 3, 4. The case has been through the screening process associated with IFP status, discussed below, and plaintiff has filed a Second Amended Complaint (ECF No. 14) which is now before the undersigned for screening.

Additionally, plaintiff has twice moved for an extension of time to serve defendants. ECF Nos. 12 and 15. Because this case has not passed screening and service on defendants has not yet been found appropriate, those motions are DENIED as MOOT.

I. SCREENING

A. <u>Legal Standard</u>

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See <u>Neitzke</u>, 490 U.S. at 327; <u>Von Saher v. Norton Simon Museum of Art at Pasadena</u>, 592 F.3d 954, 960 (9th Cir. 2010), <u>cert. denied</u>, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a

2

less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

    B.    <u>The Second Amended Complaint</u>

Plaintiff's second amended complaint alleges violations of his First, Fourth, and Fourteenth Amendment rights under 42 U.S.C. §1983, as well as a claim under California's Bane Act, stemming from an incident occurring on August 26, 2020. On that date, plaintiff appeared in Stanislaus County Superior Court to attend a legal proceeding and was required to wear a mask. ECF No. 13 at 4. Plaintiff noticed that Deputy Leland Pettus was not properly wearing his mask, and a clerk for Judge McFadden had her mask below her chin. Id. Plaintiff was not initially wearing a mask. Id. Plaintiff alleges he was singled out in a courthouse by Deputy Leland Pettus, who ordered him to wear a mask. Id. Plaintiff obtained a mask and returned to the courtroom, later briefly lowering it to breathe due to a medical condition. Id. Plaintiff noticed the clerk still had her mask on improperly. Id. Plaintiff was again confronted by Pettus, who ordered him to leave the courtroom. Id. While leaving, plaintiff took a photograph of the court clerk to document the unequal enforcement of the alleged mask policy, and Deputy Pettus suddenly physically assaulted plaintiff by tackling him against the wall, taking his phone, and

placing him under arrest. Id. at 4-5.

Following the arrest, Deputy George Crowley arrived and assisted Pettus in continuing the detention despite acknowledging that there was no mask mandate in place. Id. Lieutenant Kiley Brandon, a supervising officer, arrived on scene and plaintiff informed Brandon of the inconsistent mask enforcement and lack of legal basis for his arrest. Id. at 5. Defendants Crowley and Brandon both failed to intervene in plaintiff's arrest. Id. Plaintiff was subsequently charged with willfully disobeying a court order for taking a photograph in the courtroom. ECF No. 13 at 6.

"During one of plaintiff's early court appearances, a prosecutor began to mention that Plaintiff was present in court 'because he was not wearing a mask,' but the presiding judge immediately corrected her, stating that 'this is about Mr. Ghafoori taking a photograph." Id. at 6. Plaintiff was not allowed to explain the circumstances that led to the photograph, "namely, the arbitrary and selective enforcement of a no-existent mask rule[.]" Id. Plaintiff was repeatedly encouraged to take a plea deal, but plaintiff requested a jury trial. Id. at 7. Plaintiff asserts the case was intentionally delayed, and only on February 9, 2024, was the prosecution "abruptly dismissed" without plaintiff having the opportunity to "present his case to a jury or clear his name." Id.

Plaintiff alleges his Fourth Amendment rights to be free from unreasonable searches and seizures, to be free from unlawful detention, and to be free from excessive use of force was violated. Id. at 9-10. Plaintiff alleges that his First Amendment right to document and record public officials in the performance of their duties was violated, as well as his right to be free of retaliation for the exercise of this right. Id. at 10-11. Plaintiff alleges his Fourteenth Amendment rights to substantive and procedural due process were violated and that he was subject to malicious prosecution and that the bystanding officers failed to intervene. Id. at 12-13. Finally, plaintiff alleges violations of the California Tom Bane Civil Rights Act.

C.   Discussion

Plaintiff's second amended complaint cannot be served and must be dismissed because it fails to state a claim upon which relief can be granted.

4

1. Plaintiff's Civil Rights Claims are Untimely

Plaintiff's civil rights claims are time-barred. Plaintiff's constitutional claims are cognizable under 42 U.S.C. § 1983, a statute that allows individuals to sue state and local government actors for violations of constitutional rights. A "statute of limitations" is a legal rule that sets a time limit for bringing a lawsuit. "[E]quitable tolling is a doctrine that pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently, but some extraordinary circumstance prevents him from bringing a timely action." Bent v. Garland, 115 F.4th 934, 941 (9th Cir. 2024) (cleaned up). Failure to comply with the applicable statute of limitations may be grounds for dismissal at the screening phase if it is evident from the face of the complaint that the plaintiff cannot "prevail, as a matter of law, on the equitable tolling issue." Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 1993).

Section 1983 does not have its own statute of limitations, so the court applies California's statute of limitations for personal injury actions. See Butler v. Nat'l Cmty. Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014) ("Without a federal limitations period, the federal courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."). California's statute of limitations for personal injury actions requires that a claim be asserted within two years of its accrual. Butler, 766 F.3d at 1198 (citing Cal. Code Civ. Proc. § 335.1). The court applies "the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citing Cal. Code Civ. Proc. § 335.1).

Here, plaintiff alleges that his First Amendment right to document and record public officials in the performance of their duties was violated, as well as his right to be free of retaliation for the exercise of this right, when he was prevented from taking photographs in a courtroom on August 26, 2020. Plaintiff alleges that his Fourth Amendment rights to be free from unreasonable searches and seizures, to be free from unlawful detention, and to be free from excessive use of force was violated when Deputy Pettus and Deputy Crowley tackled him in the courtroom, took his phone, and detained him on August 26, 2020. Id.

Plaintiff argues that these claims arising from his detention and arrest in August of 2020 are timely because the continuing violation doctrine tolled the statute of limitations until his criminal case was dismissed in February of 2024, and additionally because his emotional distress did not fully accrue until the February 2024 dismissal. ECF No. 13 at 2-3. This is not the case. First, as to plaintiff's argument that his emotional distress from detention continued to accrue until the criminal charges against him were dismissed, the Ninth Circuit has long held that continuing impact from an event outside the limitations period is not actionable. Williams v. Owens-Illinois, Inc., 665 F.2d 918, 925 (9th Cir. 1982), opinion modified on denial of reh'g, No. 79-4110, 1982 WL 308873 (9th Cir. June 11, 1982) ("mere continuing impact must be distinguished from continuing violations; continuing violations are actionable, continuing impact from a past violation is not."). Plaintiff's continuing impact argument must be rejected as a matter of law.

Nor does the doctrine of continuing violations save plaintiff's claims. "The doctrine of continuing violations ... is actually a conglomeration of several different ideas ... the essence of which is that when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period." Bird v. Dep't of Hum. Servs., 935 F.3d 738, 746 (9th Cir. 2019) (internal citations omitted). The Ninth Circuit applies the continuing violations doctrine in two situations: (1) where there is a series of related acts, one or more of which falls within the limitations period, and (2) to the maintenance of a discretionary system both before and during the limitations period. Id. Neither of these circumstances are present in this case, particularly because plaintiff's criminal charges for taking a photograph in a courtroom are substantively unrelated to most of his civil rights claims (excessive force in his arrest and retaliation for his speech about the unequal application of the mask mandate), with the sole exception of his First Amendment "right to document" claim. Plaintiff himself cites an instance in which a judge was careful to point out this distinction in court. ECF No. 13 at 6. The criminal charges brought against for taking the photograph cannot logically be construed as a continuation of the initial physical detention in the courtroom, or plaintiff's speech to the extent it was about the application of the mask mandate.

6

To the extent plaintiff would argue that the Fourth Amendment claim for excessive force is directly related to the criminal charge for taking photograph because the arrest would not have happened but for his taking the photograph, this is not the case.  Plaintiff was not charged with resisting arrest; the facts surrounding his arrest are independent from the facts underpinning the criminal charge of taking a photograph in the courtroom.  Because the facts giving rise to plaintiff's civil rights claims are independent of the facts underpinning the criminal charges, the pendency of the criminal case did not stop the clock on plaintiff's civil rights claims – this is particularly clear with respect to plaintiff's Fourth Amendment claims.

Accordingly, plaintiff's civil rights claims are time-barred.  To the extent there is any available argument that plaintiff's free speech or due process claims may have been subject to equitable tolling, those claims are nonetheless subject to dismissal because they fail to state a claim upon which relief can be granted, as explained below.

2.  There is No First Amendment Right to Take a Photograph in a Courtroom

Aside from being untimely, plaintiff's First Amendment claim is legally insufficient.  Plaintiff alleges that he has a constitutional right to document and record public officials in the performance of their duties by taking a photograph in the courtroom, as well as a right to be free of retaliation for the exercise of this right.  ECF No. 13 at 10-11.  However, restrictions on recording and photography in courtrooms are regularly upheld by federal courts and do not, as a general rule, violate the First Amendment.  See, e.g., United States v. Gileno, 350 F. Supp. 3d 910, 918 (C.D. Cal. 2018) (recognizing constitutionality of Ninth Circuit Electronic Devices Policy prohibiting video cameras); Peltz v. Roberts, No. 23-cv-0094-TUC-RCC, 2023 WL 8664334, at *8, 2023 U.S. Dist. LEXIS 225187 (D. Ariz. Nov. 13, 2023) (there is no "unfettered right to 'record public officials in courthouses'" and  recognizing constitutionality of state court camera ban); Decker v. Bales, No. CV-16-02872-PHX-SRB, 2017 WL 6407783, at *3 , 2017 U.S. Dist. LEXIS 28962 (D. Ariz. Feb. 28, 2017) ("the First Amendment does not grant a right to record court proceedings.").  Because plaintiff had no constitutional right to take a photograph in the courtroom in violation of the court's rules and the judge's order, plaintiff does not and cannot state a claim.

### 3. Plaintiff Cannot State a Due Process Claim

It is apparent from the contents of the Second Amended Complaint that plaintiff cannot proceed on a due process claim. Plaintiff's due process claim appears to be predicated on the fact that the criminal charges against him were dropped before he had an opportunity for a jury trial. Although it is clear that plaintiff wanted an opportunity to present his case to a jury, the reason he did not have that opportunity is because the prosecution dropped the case, not because he was convicted or punished without a trial. Plaintiff does not and cannot identify any process that was due to him in this context; his name was cleared by virtue of the fact that the charges were dropped. A jury trial was not necessary to clear his name. Accordingly, plaintiff fails to state a claim upon which relief can be granted.

### 4. Plaintiff Cannot State a Malicious Prosecution Claim

Likewise, plaintiff's malicious prosecution claim fails. In order to prevail on a claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995). "Malicious prosecution actions are not limited to suits against prosecutors but may be brought, as here, against other persons who have wrongfully caused the charges to be filed." Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004). Plaintiff does not dispute that he did take a photograph in the courtroom and that he was charged with unlawfully taking a photograph in the courtroom. That plaintiff believes he should have had an opportunity to explain why he took the photograph is irrelevant, as is the fact that the case was ultimately dropped. Based on the facts as plaintiff alleges them, there was plainly probable cause to charge plaintiff with unlawfully taking a photograph in a courtroom. Plaintiff admits that he did what he was criminally charged with doing, and so a malicious prosecution claim necessarily fails.

### 5. Plaintiff Cannot State a Bane Act Claim

The Bane Act is a California statute that addresses hate crimes. See Cal. Civ. Code § 52.1. A plaintiff alleging a Bane Act claim "must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or

8

attempted interference was by threats, intimidation or coercion." Allen v. City of Sacramento, 234 Cal. App. 4th 41, 67 (2015) (citing Cal. Civ. Code § 52.1).  Because plaintiff has not established an interference or attempted interference with a legal or constitutional right, he cannot establish a Bane Act Claim.  Further, because plaintiff's Bane Act claim is predicated on his § 1983 claims, it is barred by the two-year statute of limitations.  See, e.g., Swadener v. California, No. 24-cv-00283-DMS-MSB, 2025 WL 1095377, at *3, 2025 U.S. Dist. LEXIS 70998 (S.D. Cal. Mar. 3, 2025).

## III.  FURTHER LEAVE TO AMEND IS NOT APPROPRIATE

The facts of plaintiff's Second Amended Complaint make clear that plaintiff cannot state a claim upon which relief can be granted.  Ordinarily, pro se litigants are granted liberal leave to amend.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  Here, given the defects described above, the undersigned finds that leave to amend would be futile and should therefore not be granted because it would be futile.

## IV.  PRO SE PLAINTIFF'S SUMMARY

It is being recommended that your case be dismissed because your claims are barred by the statute of limitations and because you fail to state a claim upon which relief can be granted.

## V.  CONCLUSION

It is ORDERED that plaintiff's motions for an extension of time to serve defendants, ECF Nos. 12 and 15, are DENIED as MOOT

Further, for the reasons set forth above, IT IS HEREBY RECOMMENDED that plaintiff's case be DISMISSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's

order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: July 29, 2025

  _____
  ALLISON CLAIRE
  UNITED STATES MAGISTRATE JUDGE